# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| DENNIS COLES, ) | |
| Petitioner, ) | |
| v. ) | No. 14-2242 |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Petitioner Dennis Coles is confined in the Federal Correctional Institution in Cumberland, Maryland, serving a 293-month sentence imposed by United States District Judge Michael P. McCuskey[1] of the United States District Court for the Central District of Illinois. Petitioner received an enhanced sentence under the Armed Career Criminal Act (18 U.S.C. § 924(e).

In September 2014, Petitioner filed a Motion to Correct Sentence Pursuant to 28 U.S.C. § 2241 (d/e 1) in the United States

---

[1] Judge McCuskey retired from the court in May 2014. The case was assigned to the undersigned judge because the judge who replaced Judge McCuskey was the prosecutor in Petitioner's criminal case.

District Court for the District of Maryland.[2] In that Motion, Petitioner argues that, in light of <u>Descamps v. United States</u>, 133 S. Ct. 2276 (2013), his 1992 Michigan drug conviction does not meet the definition of a "serious drug offense" under the Armed Career Criminal Act.

The Maryland Court concluded that the Motion was not properly filed under § 2241 and was more properly considered a Motion filed pursuant to 28 U.S.C. § 2255. The Maryland Court transferred the case to this Court.

Whether the Court considers the Motion as brought under § 2241 or § 2255, the Court must promptly consider and dismiss the Motion if it plainly appears that Petitioner is not entitled to relief. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases for the United States District Courts, which applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas petition" not brought pursuant to § 2254); <u>Montana v. Cross</u>, No. 14-cv-1019, 2014 WL 5091708, at *1 (S.D. Ill. Oct. 10, 2014)

---

[2] A § 2241 petition must be filed in the district of confinement. <u>Garza v. Lappin</u>, 253 F.3d 918, 921 (7th Cir. 2001).

(applying Rule 4 of the Rules Governing Section 2254 Cases to a § 2241 petition); see also Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. A preliminary review of Petitioner's Motion shows that the Motion is a successive § 2255 motion for which Petitioner has not obtained approval from the Court of Appeals to file. Therefore, the Motion is dismissed.

## I. BACKGROUND

On July 23, 2002, a jury found Petitioner guilty of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). See July 23, 2002 Minute Entry, United States v. Coles, No. 00-20051 (C.D. Ill.) (hereafter referred to as Criminal Case No. 00-20051). On February 14, 2003, the Court sentenced Petitioner as an Armed Career Criminal to 293 months' imprisonment. See February 14, 2013 Minute Entry, Criminal Case No. 00-20051.

The Armed Career Criminal Act provides for a 15-year minimum sentence for a person who violates § 922(g) and has three previous convictions for a violent felony or serious drug offense or both. 18 U.S.C. § 924(e). The Act defines a "serious

drug offense" to include an offense under state law involving manufacturing, distributing, or possession with intent to manufacture or distribute a controlled substance for which the maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 924(e)(2)(A)(ii).

Petitioner was classified as an armed career criminal based on three prior convictions: (1) a 1992 Michigan conviction for delivery of cocaine; (2) a 1996 Michigan conviction for armed robbery; and (3) a 1996 Illinois conviction for delivery of cocaine. See Presentence Investigation Report (PSR) ¶ 23 (d/e 128), Criminal Case No. 00-20051; see also United States v. Coles, 97 F. App'x 665, 668 (7th Cir. 2004).

Petitioner appealed, but appointed counsel filed an Anders brief and moved to withdraw after concluding the appeal would be frivolous. The United States Court of Appeals for the Seventh Circuit granted counsel's motion to withdraw and dismissed the appeal. Coles, 97 F. App'x at 699.

In doing so, the Seventh Circuit agreed that counsel could not advance a nonfrivolous challenge to the use of the prior convictions as qualifying offenses. Id. at 668. The Seventh Circuit

noted that Petitioner had challenged reliance on the "robbery conviction" on the ground that he received a sentence of lifetime probation, rather than prison. Id. The district court found that because the offense was punishable by a maximum sentence of 20 years, the offense qualified as a prior offense under § 924(e) regardless of the sentence imposed. Id. The Seventh Circuit found that this conclusion was "unassailable." Id.

However, the Seventh Circuit apparently made a typographical error on this point because Petitioner was actually sentenced to "15 months to 10 years" on the armed robbery conviction. See PSR ¶ 27 (d/e 128), Criminal Case No. 00-20051. Petitioner received lifetime probation on his 1992 Michigan drug conviction, not the 1996 armed robbery conviction, and it was the 1992 drug conviction that Petitioner challenged in the district court. See PSR ¶ 26; Addendum to PSR, p. 23 (d/e 128).

Petitioner requested rehearing. On May 19, 2005, the Seventh Circuit remanded the case for the district judge to consider whether he would impose the original sentence had he known the Sentencing Guidelines were advisory, rather than mandatory, in light of United States v. Booker, 543 U.S. 220 (2005), which was

decided while the petition for rehearing was pending.  See <u>United States v. Coles</u>, No. 03-1451 (7th Cir. May 19, 2005) (available at d/e 169, Criminal Case No. 00-20051).

On August 8, 2005, the district judge entered an order advising the Seventh Circuit that the Court would have imposed the same sentence even had the Court been aware that the Sentencing Guidelines were merely advisory.  See Order (d/e 186), Criminal Case No. 00-20051.  Thereafter, the Seventh Circuit affirmed Petitioner's sentence.  See <u>United States v. Coles</u>, 153 F. App'x 397 (7th Cir. 2005).  The United States Supreme Court denied Petitioner's petition for writ of certiorari.  <u>Coles v. United States</u>, 547 U.S. 112 (2006).

In May 2007, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel and asserting that he was not subject to federal prosecution.  <u>Coles v. United States</u>, No. 07-2098 (C.D. Ill.) (d/e 1).  The Court denied the Motion.  <u>Id.</u> at d/e 16.  The Seventh Circuit denied Petitioner's request for a certificate of appealability.  <u>Coles v. United States</u>, No. 08-3187 (7th Cir. Dec. 15, 2008) (available in Case No. 07-2098 at d/e 43).

Thereafter, Petitioner filed numerous motions in the Central District of Illinois, the United States District Court for the District of Maryland, and the Seventh Circuit. Each of the motions was construed either as a successive motion under § 2255 for which Petitioner had not obtained authorization to file or a § 2255 motion over which the court lacked jurisdiction. See Motion for Relief From Judgment or Order Pursuant to Rule 60(b)(6) (Central District of Illinois Case No. 07-2098, at d/e 46); Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(3) (Central District of Illinois Case No. 12-2219 at d/e 1); Application Under 28 U.S.C. § 2241 for Petition of Writ of Habeas Corpus (United States District Court for the District of Maryland Case No. 12-0528 at d/e 1); Petition for Extraordinary Writ (Seventh Circuit Case No. 13-2010 (May 28, 2013)( available in Criminal Case No. 00-20051 at d/e 197); Petition for Relief in Light of and Under McQuiggin v. Perkins and Brown v. Carraway Regarding Actual Innocence (Central District Illinois Case No. 00-20051 at d/e 199).

On September 15, 2014, Petitioner filed the Motion to Correct Sentence Pursuant to 28 U.S.C. § 2241 at issue herein in the United State District Court for the District of Maryland. The

Maryland Court held that the Motion was not properly filed as a §2241 motion and must be construed as a motion brought pursuant to § 2255. Because the Maryland Court did not have jurisdiction over the § 2255 motion, the court, in an abundance of caution, transferred the case to this Court. See 28 U.S.C. § 2255(a) (providing that the prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence").

## II. ANALYSIS

In his Motion, Petitioner argues that the United States Supreme Court's recent holding in United States v. Descamps, 133 S. Ct. 2276 (2013) establishes that Petitioner's 1992 Michigan drug conviction does not meet the definition of a "serious drug offense" in the Armed Career Criminal Act because the offense was not punishable by a maximum term of imprisonment of 10 years or more. 18 U.S.C. § 924(e). In Descamps, the Supreme Court held that sentencing courts may not apply the modified categorical approach and consider additional documents to determine if a conviction is a "violent felony" under the Armed Career Criminal Act when the crime of conviction has a "single, indivisible set of

elements." Descamps, 133 S. Ct. at 2281–82; see also United States v. McDonald, 592 F.3d 808, 810 (7th Cir. 2010) (explaining that the modified categorical approach is permitted when a statute creates more than one crime or modes of commission, not all of which qualify as a predicate offense under the Armed Career Criminal Act, and the court must determine which crime formed the basis of the defendant's conviction).

Petitioner asserts that he was sentenced pursuant to Michigan Compiled Law § 333.7401(2)(A)(iv), which provided as follows:

> (2) A person who violates this section as to:
> (a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(iv) and:
>
> * * *
>
> (iv) Which is in an amount less than 50 grams, of any mixture containing that substance is guilty of a felony and <u>shall be imprisoned for not less than 1 year nor more than 20 years, and may be fined not more than $25,000.00, or placed on probation for life.</u>

Mich. Comp. Laws § 333.7401(2)(A)(iv) (1989) (emphasis added); see also Mich. Comp. Laws § 333.7401(3) ("An individual subject to a mandatory term of imprisonment under subsection 2(a) . . . shall not be eligible for probation, except and only to the extent that those provisions permit probation for life").

Petitioner focuses on the last portion of the paragraph, which reads "or placed on probation for life." According to Petitioner, the 1992 Michigan drug conviction does not meet the definition of a serious drug offense because, in light of <u>Descamps</u>, the sentence of lifetime probation clearly excluded the maximum term of imprisonment of 10 years. <u>See</u> Motion (d/e 1) (describing the penalties as disjunctive).

The United States District Court for the District of Maryland found that Petitioner's complaint regarding his sentence was not properly brought by way of 28 U.S.C. § 2241 and that Petitioner's claim was more properly analyzed as a § 2255 petition. This Court agrees.

Petitioner challenges the validity of his sentence. Such a claim is generally brought pursuant to 28 U.S.C. § 2255. <u>Brown v. Caraway</u>, 719 F.3d 583, 586 (7th Cir. 2013) (noting that collateral attacks on convictions or sentences must ordinarily be brought under § 2255). In contrast, a § 2241 motion challenges the fact or duration of confinement. <u>Hill v. Werlinger</u>, 695 F.3d 644, 645 (7th Cir. 2012).

Nonetheless, a petitioner can petition under § 2241 to test the validity of his conviction or sentence if the petitioner can show that the remedy under § 2255 is inadequate or ineffective. See Caraway, 719 F.3d at 586; In re Davenport, 147 F. 3d 605, 611 (7th Cir. 1998) (relief is inadequate when "it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense") (emphasis in original); see also 28 U.S.C. § 2255(e) (referred to as the "savings clause").

> Three conditions must be met for this exception to apply:
>
> First, the prisoner must show that he relies on a "statutory-interpretation case," rather than a "constitutional case." Second, the prisoner must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion. The third condition is that [the] sentence enhancement . . . have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding.

Caraway, 719 F.3d at 586, quoting Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012) (internal citations and quotation marks omitted); see also Webster v. Caraway, 761 F.3d 764, 767 (7th Cir. 2014) (noting that § 2241 is available if there was a change in the law that applies retroactively, the law shows that the prisoner

received an illegally high sentence, and "otherwise would be impossible to implement the Supreme Court's intervening decision"). The fact that a petitioner is barred from bringing a successive § 2255 motion is not generally sufficient, in and of itself, to render § 2255 an inadequate remedy for purposes of bringing a § 2241 motion. See Davenport, 147 F. 3d at 609-10.

In this case, Petitioner has not shown that the remedy under § 2255 is inadequate or ineffective. Although Descamps is a statutory interpretation case, the Supreme Court has not made Descamps retroactive on collateral review. Groves v. United States, 755 F.3d 588, 593 (7th Cir. 2014); but see, e.g., Parker v. Walton, No. 13-cv-1110, 2014 WL 1242401, at *2 (S.D. Ill. March 26, 2014) (noting that the respondent informed the court that the Department of Justice issued a nationwide directive "instructing federal prosecutors to refrain from asserting that Descamps is not retroactive on collateral review").

Most importantly, Descamps is not applicable to Petitioner. Descamps addressed the proper analysis for determining whether a conviction constitutes a "violent felony" under the Armed Career Criminal Act, not a "serious drug offense." See Keller v. Walton, No.

3:14-cv-00594, 2014 WL 2861547, at *3 (S.D. Ill. June 24, 2014) (holding that Descamps only applies to the definition of "violent felony" under the Armed Career Criminal Act).

Moreover, Petitioner is trying to equate elements of a crime with punishment for the crime. Descamps concerned a state statute that criminalized conduct that went beyond the generic offense of burglary. Descamps, 133 S. Ct. at 2281 (finding that the state statute did not contain alternative elements of the crime—which would have permitted use of the modified categorical approach—but instead defined burglary more broadly than the generic offense of burglary, such that the defendant violated the state law regardless of whether he actually did "break and enter"; therefore, the offense did not qualify as a "violent felony" under the Armed Career Criminal Act). The Descamps case has no application to this case, which involves a state statute that contains alternative punishments for the offense. Because Petitioner's 1992 Michigan drug conviction was punishable by a maximum sentence of 20 years, the conviction qualified as a predicate offense under the Armed Career Criminal Act even though an alternate punishment was lifetime probation, which

Petitioner received. See, e.g., United States v. Henton, 374 F.3d 467, 469 (7th Cir. 2004) (noting that it was irrelevant whether the defendant received the extended sentence on his conviction so long as he was eligible for the extended sentence as a repeat offender).

The Seventh Circuit noted as much on direct appeal, although the Court mistakenly referred to the conviction as the robbery conviction as opposed to the drug conviction. See United States v. Coles, 97 F. App'x 665, 668 (7th Cir. 2004) (finding "unassailable" the conclusion that, because the offense was punishable by a maximum of 20 years, it qualified as a predicate offense under the Armed Career Criminal Act regardless of the sentence imposed). Therefore, because Petitioner cannot show that a grave error occurred, Petitioner's claim does not fall within the savings clause and cannot be brought pursuant to § 2241.

For all these reasons, the Court agrees with the Maryland district court that the Motion was not properly filed as a § 2241 motion and must be construed as a motion brought pursuant to § 2255.

Construing the Motion as one brought under § 2255, the Motion must be dismissed as a successive motion filed without certification from the Court of Appeals. A prisoner may not file a second or successive § 2255 motion unless he obtains certification from the Court of Appeals. 28 U.S.C. § 2255(h). In fact, "[a] district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

Petitioner already received "one unencumbered opportunity to receive a decision on the merits" when he filed, and the Court denied, his Motion to Vacate, Set Aide, or Correct Sentence Pursuant to 28 U.S.C. § 2255 in May 2007. See Coles v. United States, 07-2098 (C.D. Ill.); see also, e.g., Potts v. United States, 210 F.3d 770, 770 (7th Cir. 2000) (explaining when a previous motion "was the 'real thing' that ought to subject the petitioner" to the limitations the Antiterrorism and Effective Death Penalty Act places on the filing of successive motions under § 2255). No exceptions to the certification requirement appear to apply here. See Suggs v. United States, 705 F. 3d 279, 282 (7th Cir. 2013)

(noting that where a petitioner successfully challenged his sentence pursuant to a § 2255 motion and was resentenced, his second § 2255 motion challenging his resentencing did not constitute a second or successive motion ); see also, e.g., Slack v. McDaniel, 529 U.S. 473, 478 (2000) (a habeas petition filed after the first petition was dismissed for failure to exhaust state remedies is not a second or successive petition).

Petitioner has not obtained certification from the Court of Appeals to file a successive § 2255 petition. Therefore, this Court lacks jurisdiction over Petitioner's Motion, and the Motion must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, he must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the Court of Appeals from the final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability); Sveum v. Smith, 403 F. 3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required when the district court dismisses a motion

on the ground that it is an unauthorized, successive collateral attack).  A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  In addition, when a § 2255 motion is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.

Petitioner has not made a substantial showing of the denial of a constitutional right or that a reasonable jurist would find it debatable whether this Court was correct in its procedural ruling.  Therefore, the Court denies a certificate of appealability.

## IV. CONCLUSION

Petitioner's Motion to Correct Sentence (d/e 1) is a second or successive § 2255 motion that the Court of Appeals has not granted him leave to file.  Therefore, the Court DISMISSES the Motion (d/e 1) without prejudice for lack of jurisdiction.  The Court declines to issue a certificate of appealability.  The Court refers Petitioner to Rule 22.2 of the Circuit Rules of the United States Court of Appeals

for the Seventh Circuit for the procedure to request leave to file a second or successive § 2255 motion.

ENTER: October 14, 2014

FOR THE COURT:

                <u>s/Sue E Myerscough</u>
                SUE E. MYERSCOUGH
        UNITED STATES DISTRICT JUDGE